IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TERRY BROWN, *on behalf of himself and* :
*all others similarly situated*, :
                                     :
            Plaintiff, :
                                     :
v. : Civil Action No. 3:20-cv-00363-JAG
                                     :
CORELOGIC RENTAL PROPERTY :
SOLUTIONS, LLC, :
                                     :
            Defendant. :

## FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant, CoreLogic Rental Property Solutions, LLC n/k/a SafeRent Solutions, LLC; the Court having considered all papers filed and arguments made with respect to the settlement, and having preliminarily certified, by Order entered September 16, 2021, a Settlement Class, and the Court, being fully advised finds that:

     1.     On February 24, 2022, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received no objections regarding the settlement. All definitions and terms set forth in the Settlement Agreement (ECF No. 55-1) are incorporated herein by reference.

     2.     Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement proposed by the Parties in this case (ECF No. 55-1) is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

     3.     Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Such

notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

4. The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

5. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

6. The settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal. In connection with its approval, the Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of approval.

7. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

8. The persons listed on **Exhibit 1** hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval.

9. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

11. The Court incorporates the preceding paragraphs of its Order, as if each paragraph was set forth below.

12. This action is a class action against Defendant, CoreLogic Rental Property Solutions, LLC, on behalf of a class of consumers that has been defined as follows:

> All natural persons residing in the United States of America (including its territories and Puerto Rico) who: (1) were the subject of a consumer report furnished by Defendant from May 21, 2015 through July 16, 2021 that included a record from a sex offender registry that did not originate from a state where the consumer currently or previously resided; or (2) submitted a dispute to Defendant from May 21, 2015 through July 16, 2021 involving one or more sex offender records and where a sex offender record was deleted from the consumer's file as a result of the dispute; or (3) submit a valid Claim Form.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Plaintiff's attorneys; and any employee of the Federal Judiciary.

13. The Settlement Agreement submitted by the parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

14.     This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

15.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement. The Named Plaintiff also releases the Released Parties in accordance with the Settlement Agreement.

16.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, each Settlement Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settlement Class Released Claims.

17.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or

otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $2,741,639.00 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

19. Upon consideration of the application for an individual settlement and service award, the Named Plaintiff, Terry Brown, is awarded the sum of $7,500, to be paid from the Settlement Fund, for the service he has performed for and on behalf of the Settlement Class.

20. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Class Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

21. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

/s/ John A. Gibney, Jr.
Senior United States District Judge
HONORABLE JOHN A. GIBNEY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Dated: 24 February, 2022

5